# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TERRY LYNN MOYERS,** | ) |
| **Plaintiff,** | ) Case No. 3:13-cv-0959 |
| | ) Judge Trauger |
| v. | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

On March 9, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 49), to which the plaintiff, Terry Moyers, has filed timely Objections (Docket No. 50), and the defendant ("SSA") has filed a Response (Docket No. 52). The R&R recommends that the plaintiff's Motion for Judgment on the Pleadings (Docket No. 28) be granted to a limited extent and that the case be remanded to the ALJ for further consideration. For the reasons discussed herein, the court will overrule the plaintiff's Objections and accept the R&R.

## BACKGROUND[1]

### I. Initial Consideration by the Administrative Law Judge

On August 6, 2009, the plaintiff filed a claim for social security benefits, alleging that he became disabled on November 1, 2006 as a result of bipolar disorder, antisocial personality disorder, and "back problems." The plaintiff has a long medical history that the Magistrate Judge described extensively in the R&R, familiarity with which is assumed. (Docket No. 49 at 2-11.)

---

[1] The background is taken from the R&R.

1

The state agency responsible for administering benefits denied the plaintiff's claim at the initial and reconsideration stages of review. Subsequently, the plaintiff filed a request for a *de novo* hearing and decision by an Administrative Law Judge ("ALJ"). A hearing was held on March 20, 2012, at which the plaintiff appeared via video-teleconference. At the initial hearing, the plaintiff amended his alleged disability onset date to December 31, 2010. A vocational expert also testified before the ALJ. A subsequent hearing was held before the ALJ on May 11, 2012, primarily for the purpose of obtaining additional testimony from the vocational expert. On May 18, 2012, the ALJ issued a written decision in which she concluded that the plaintiff was not disabled. She made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since December 31, 2010, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: 1) History of polysubstance abuse, (2) Status post fracture of right hand fingers, wrist and right tibia, (3) Degenerative disc disease of the thoracic/lumbar and cervical spine, (4) Degenerative joint disease of the knee, status post meniscal tears, (5) Fracture and tears of the left shoulder, (6) Right carpal tunnel syndrome, (7) Obesity, and (8) Depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of work between a full range of sedentary work to light work as defined in 20 CFR 404.1567(a,b) and 416.967(a,b). The claimant can stand or walk for four out of eight hours, for one hour at a time, before needing to alternate to a sitting position while on task for 10 minutes; can sit for six out of eight hours; cannot perform overhead work with the left upper extremity, and can perform only occasional overhead work with the right upper extremity, and only frequent handling and fingering with the right upper extremity (dominant); . . . The claimant should avoid work at heights

or around dangerous moving machinery; and excessive vibration. The claimant can perform routine tasks with one to three steps, with periods of concentration limited to two hours at a time and only occasional interaction with the general public, coworkers and supervisors.

. . . .

10. Considering the claimant's age, education, work experience, and residual functioning capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

The Appeals Council denied the plaintiff's request for review on July 18, 2013. This denial rendered the ALJ's judgment the "final decision" of the SSA.

## II. This Action

The plaintiff filed this civil action on September 13, 2013. (Docket No. 1.) The SSA answered the Complaint on December 18, 2013. (Docket No. 13.) On July 29, 2014, the plaintiff filed a Motion for Judgment on the Pleadings, which the SSA opposed. (Docket Nos. 28, 43 (Opposition), 48 (Reply).)

### A. The R&R

On March 9, 2015, the Magistrate Judge issued the R&R. She summarized the ALJ's decision as it relates to the five step inquiry applied to benefits claims:

> At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. At step two, the ALJ determined that the plaintiff had the following severe impairments: '1) History of polysubstance abuse, (2) Status post fracture of right hand fingers, wrist and right tibia, (3) Degenerative disc disease of the thoracic/lumbar and cervical spine, (4) Degenerative joint disease of the knee, status post meniscal tears, (5) Fracture and tears of the left shoulder, (6) Right carpal tunnel syndrome, (7) Obesity, and (8) Depressive disorder (20 CFR 404.1520(c) and 416.920(c)). 1) History of polysubstance abuse, (2) Status post fracture of right hand fingers, wrist and right tibia, (3) Degenerative disc disease of the thoracic/lumbar and cervical spine, (4)

3

> Degenerative joint disease of the knee, status post meniscal tears, (5) Fracture and tears of the left shoulder, (6) Right carpal tunnel syndrome, (7) Obesity, and (8) Depressive disorder.' At step three, the ALJ found that the plaintiff's impairments, either singly or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ determined that the plaintiff was unable to perform his past relevant work. At step five, the ALJ found that the plaintiff could perform the representative jobs of (1) 'Final Assembler of Optical Goods; [*sic*] (2) 'Film Can Mounter;' (3) and 'Eye Doppler [*sic*] Assembler.' Consequently, the ALJ determined that the plaintiff had not been under a disability from December 31, 2010, through the date of the decision.

(Docket No. 49 at 23.) In his Motion for Judgment on the Pleadings, the plaintiff argued that the ALJ had made several errors in her determination. First, the plaintiff argued that a sentence six remand under 42 U.S.C. § 405(g) was appropriate so that the ALJ could consider additional medical evidence. Second, he contended that the ALJ failed to properly evaluate the opinions of certain physicians as to the severity of his emotional problems. Third, he argued that the ALJ failed to properly evaluate his credibility as a witness. And last, Moyers asserted that the ALJ erred in relying on the vocational expert's testimony to determine that there were a significant number of alternative jobs in the national economy that he is able to perform.

After rejecting the first three arguments made by the plaintiff, the Magistrate Judge agreed with the plaintiff's contention that the ALJ erred by relying on the vocational expert's testimony to conclude that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." On this ground alone, the Magistrate Judge recommended that the plaintiff's Motion for Judgment be granted and that the case be remanded to the ALJ for further consideration as to whether substantial evidence supports the consideration that a significant number of jobs exists in the national economy that the plaintiff is capable of performing.

The plaintiff filed timely Objections to the R&R on March 23, 2015. (Docket No. 50.) The defendant opposed the plaintiff's Objections on March 30, 2015. (Docket No. 52.)

## ANALYSIS

### I. Standard of Review

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

For actions premised upon claims for social security benefits, the court's review "is limited to a determination of whether substantial evidence exists in the record to support the [SSA's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). This determination must be based on the record as a whole. *Id.* Substantial evidence means "more than a scintilla. It means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citations omitted).

Finally, "[w]here substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or

make credibility determinations, because those factual determinations are better left to the ALJ and to the Commissioner of the SSA. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993).

## II.     The Plaintiff's Objections

### A. First Objection

First, the plaintiff objects to the Magistrate Judge's recommendation that his case be remanded for further proceedings as to whether substantial evidence supports a finding that the plaintiff is able to perform other jobs existing in significant numbers. Instead, he argues, the court should award him benefits because the record reflects that Moyers "cannot perform other jobs existing in significant numbers."

The plaintiff places heavy reliance on *Malone v. Astrue*, No. 3:10-cv-1137, 2012 WL 1078932 (M.D. Tenn. Mar. 30, 2012), where another court in this district rejected a magistrate judge's recommendation to remand and, instead, awarded benefits to the plaintiff upon finding that the SSA had failed to establish that a significant number of jobs existed in the national economy that the plaintiff was able to perform. There, the magistrate judge, after assessing findings by an ALJ, had concluded that the ALJ committed reversible error when he determined that the number of jobs identified by vocational experts constituted a "significant number." Upon objections by Malone to the R&R, the district court rejected as unreliable the testimony of two of the three vocational experts who testified before the ALJ. The court then concluded that the third expert's testimony, which identified 16,900 jobs in the national economy and 239 jobs in Tennessee that the plaintiff was able to perform, constituted credible evidence that there was not a "significant number" of alternative jobs for the plaintiff in the national economy.

In sum, the *Malone* court concluded that (1) all essential factual issues had been resolved (*i.e.*, there was evidence in the record as to the number of jobs in the national economy that the

6

plaintiff was able to perform) and (2) the number of jobs existing in the national economy for the plaintiff did not constitute a "significant number." Consequently, the district court agreed with the plaintiff that a remand for an award of benefits was appropriate, instead of a remand for further consideration as to only the "significant number" step of the ALJ's inquiry.[2] *See Malone*, 2012 WL 1078932, at *6-7; *see also Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994).

However, unlike *Malone*, all essential factual issues with respect to Moyers' claim have not been resolved because, as the Magistrate Judge emphasizes in the R&R, the record *lacks* credible evidence as to alternative jobs in the economy that Moyers is able to perform. Here, the record—specifically, the vocational expert's testimony—merely establishes that it is *unknown* whether a significant number of jobs exists for an individual with Moyer's limitations to perform. (Docket No. 49 at 34-41.)[3] It is well settled that a reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations. *Hogg*, 987 F.2d at 331. In order to conclude that a remand for an award of benefits is appropriate, this court would first have to weigh the vocational expert's testimony to determine whether substantial evidence supports a finding of any number of jobs—significant or insignificant. Such a

---

[2] As Moyers notes in his Objections, the *Malone* court's decision to remand the action for an award of benefits was issued in response to the plaintiff's Motion to Alter or Amend Judgment. *See* Docket No. 33, No. 3:10-cv-1137 (M.D. Tenn. May 14, 2012).

[3] As Judge Griffin wrote in the R&R, "The [expert's] testimony during rigorous cross examination revealed several reasons for questioning the reliability of his opinion." For instance, the expert's testimony revealed that he was unfamiliar with the statistical method and data upon which he relied to obtain the job numbers. Moreover, as Judge Griffin points out, the ALJ made several errors when she attempted to match data from job reports to the expert's testimony. And finally, the court agrees with Judge Griffin's assessment that the ALJ's conclusion that "'the number [of jobs] initially presented by the vocational expert may be reduced, but not substantially'" enough to make the number insignificant is illogical, arbitrary, and vague. (Docket No. 49 at 38-40.)

determination would be improper here without a more complete record.  Consequently, the court will overrule the plaintiff's first objection and accept the Magistrate Judge's recommendation to remand the plaintiff's claim for further proceedings with respect to whether substantial evidence supports a finding that a significant number of jobs exists in the national economy that the plaintiff is able to perform.

**B.  Second Objection**

The plaintiff also objects to the recommended limitation on the scope of the remand.  The plaintiff asserts that, in the event that the court remands his claim for further proceedings, those proceedings should include a new hearing and full consideration of the plaintiff's request for disability benefits.  To support his objection, the plaintiff essentially restates his disagreement with the ALJ's findings as to the severity of his emotional impairments, as argued in his Motion for Judgment on the Pleadings.  (*See* Docket No. 28 at 64-65.)  Without any citation to persuasive legal authority, Moyers argues that he should be entitled to a new hearing and a complete reconsideration of his request for benefits.

Federal courts have routinely deemed objections "waived" where the objections merely restate the party's arguments that were previously addressed by the magistrate judge.  *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Charles v. Astrue*, No. 3:10-cv-134, 2011 WL 3206464 (E.D. Tenn. July 28,

2011). Accordingly, the court will overrule the plaintiff's objection as it relates to a challenge to the ALJ's decision, without a challenge to the Magistrate Judge's conclusions in the R&R.[4]

**CONCLUSION**

For these reasons, the plaintiff's Objections to the Report & Recommendation are **OVERRULED**. The Report and Recommendation (Docket No. 49) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that the plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is **GRANTED**, to the extent that the case will be **REMANDED** to the Administrative Law Judge for additional consideration with respect to the issues identified by the Magistrate Judge.

It is so **ORDERED**.

Enter this 30th day of March 2015.

ALETA A. TRAUGER
United States District Judge

---

[4] The court further notes that the plaintiff's argument that he is entitled to an award of benefits because "conflicting evidence" exists in the record is unpersuasive. As the defendant points out, it is well settled that the defendant's findings of fact, if supported by substantial evidence, are conclusive, regardless of whether conflicting evidence appears in the record. *See Crum*, 921 F.2d at 644 ("Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion") (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (same).